**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

KENNETH BENNING,
                              Plaintiff,

v.                                      No. 08-CV-815
                                           (FJS/DRH)

STEVE EHRITS, Corrections Officer; and
NURSE ANTHONY,
                              Defendants.

---

**APPEARANCES:**                           **OF COUNSEL:**

KENNETH BENNING
Plaintiff Pro Se
99-A-1618
Clinton Correctional Facility
Post Office Box 2002
Dannemora, New York 12929

HON. ANDREW M. CUOMO            ADELE M. TAYLOR-SCOTT, ESQ.
Attorney General for the                Assistant Attorney General
  State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Kenneth Benning ("Benning"), an inmate currently in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, two DOCS employees, violated his constitutional rights under the Eighth Amendment. Compl. (Docket No. 1). Presently

---

    [1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

pending is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Docket No. 17.  Benning opposes the motion.  Docket No. 18.  For the following reasons, it is recommended that defendants' motion be granted.

## I. Background

The facts are related herein in the light most favorable to Benning as the non-moving party.  See Subsection II(A) infra.

On September 6, 2007, while playing football during recreation time at Eastern Correctional Facility, Benning broke his arm.  Compl. IV(A).  Benning immediately reported the injury to defendant Ehrits, a corrections officer.  Id. IV(B).  Ehrits did not immediately send Benning for treatment but instructed him to evaluate his condition carefully before seeking emergency medical assistance.  Id. IV(C), (E).  Benning "was unaware of the fact that he had sustained a broken bone [and] elected to go through the normal sick call process."  Id. IV(D).

Four days later, Benning saw defendant Anthony, a nurse, through the facility's sick call procedure.  Compl. IV(F). Anthony referred Benning for x-rays of his arm.  Id. IV(G).  On On the seventh day after the injury, Benning's arm was x-rayed and he was diagnosed with a broken arm.  Id. IV(H).  In the interim, the "bone was well on its way to healing improperly due to not being set properly after the break occurred."  Id. IV(I).  Benning underwent corrective surgery.  Id. IV(K).  The surgery was not completely successful and Benning "still experiences pain and suffering, and . . . limited use of his arm and hand."  Id. IV(L),(M),(N).  This action followed.

## II.  Discussion

In his complaint, Benning alleges that defendants violated his Eighth Amendment rights by failing to provide proper medical care for his broken arm.  Defendants contend that Benning's complaint fails to state a claim.

## A. Legal Standard

Rule 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.  When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  However, a complaint containing conclusory allegations without factual support fails to meet even the liberal standard of Rule 12(b)(6).  De Jesus v. Sears, Roebuck & Co. 87 F.3d 65, 70 (2d Cir. 1996).  Thus, dismissal is only warranted if it appears, beyond a reasonable doubt, that the non-moving party cannot prove a set of facts which would support his or her claim or entitle him or her to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Harris v. City of N.Y., 186 F.3d 243, 247 (2d Cir. 1999).[2]

When, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).  As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally,". . . and that such submissions must be read to raise the

---

[2] Here, evidence outside the complaint has been submitted but not considered.  Therefore, defendants' motion will be determined as one for dismissal.

3

>
> strongest arguments that they 'suggest. . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . or arguments that the submissions themselves do not "suggest, . . ." that we should not "excuse frivolous or vexatious filings by pro se litigants" . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law . . . ."

Id. (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally.'" (citations omitted)).

### B. Eighth Amendment

The Eighth Amendment explicitly prohibits the infliction of "cruel and unusual punishment." U.S. CONST. amend. VIII.  This prohibition extends to the provision of medical care.  Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).  The test for a § 1983 claim is twofold. First, the prisoner must show that the condition to which he was exposed was sufficiently serious.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Second, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm.  Id.  "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."  Id. at 844.

"'Because society does not expect that prisoners will have unqualified access to healthcare,' a prisoner must first make [a] threshold showing of serious illness or injury" to state a cognizable claim.  Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003)(quoting

4

Hudson v. McMillian, 503 U.S. 1,9 (1992)).  Because there is no distinct litmus test, a serious medical condition is determined by factors such as "(1) whether a reasonable doctor or patient would perceive the medical need in question as 'important and worthy of comment or treatment,' (2) whether the medical condition significantly affects daily activities, and (3) the existence of chronic and substantial pain."  Brock v. Wright, 315 F.3d 158, 162-63 (2d Cir. 2003)(citing Chance, 143 F.3d 698, 702 (2d Cir. 1998)).  The severity of the denial of care should also be judged within the context of the surrounding facts and circumstances of the case.  Smith, 316 F.3d at 185.

Deliberate indifference requires the prisoner "to prove that the prison official knew of and disregarded the prisoner's serious medical needs."  Chance, 143 F.3d at 702.  Thus, prison officials must be "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  "Mere disagreement over proper treatment does not create a constitutional claim" as long as the treatment was adequate.  Chance, 143 F.3d at 703.  Thus, "disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists . . .  are not adequate grounds for a section 1983 claim."  Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001).

Here, defendants contend as to the first prong that a broken arm does not constitute a serious medical need.  Benning subjectively determined that the pain did not require a call for emergency treatment.  However, a broken arm is an "undeniably serious" injury. Durham v. Nu'Man, 97 F.3d 862, 869 (6th Cir. 1996); see also Bryan v. Endell, 141 F.3d 1290, 1293 (8th Cir. 1998) (finding a broken hand a serious medical condition).  Viewing complaint in the light most favorable to Benning, the broken arm constituted a serious

5

medical need notwithstanding Benning's failure to treat it as an emergency.

However, even construing the facts in the light most favorable to Benning, nothing indicates that either defendant was deliberately indifferent to Benning's medical needs. Ehrits was promptly notified of the injury, inquired as to how serious Benning believed it was, and left it to Benning to decide whether to seek immediate, emergency treatment or wait for a regular visit to the infirmary. Compl. IV(B),(C). Benning acknowledges that the seriousness of his injury was not obvious, even to himself. Id. IV(D). Ehrits did not preclude Benning from obtaining trreatment. It was Benning's own decision to forego emergency treatment and await a regularly scheduled medical examination. Id. IV(D). There is also no indication that Ehrits delayed or intentionally interfered with Benning's medical requests when they were made.

The same is even more true of Anthony. According to the complaint, Anthony did not learn of Benning's injury until September 10, examined him at his request, and immediately order the z-rays that were performed three days later and led to the discovery of the broken arm. Compl. IV(H). The three-day delay for x-rays was not extraordinary and, at worst, constituted mere negligence. Negligence, however, is insufficient to support a claim for constitutional injuries. See Estelle , 429 U.S. at 207 ("[W]hether an X-ray . . . is indicated is a classic example of a matter for medical decision. A medical decision not to order an X-ray . . . does not represent cruel and unusual punishment. At most it is medical malpractice . . . .").

Once the x-rays revealed the fracture, Benning immediately received treatment to repair the break. The fact that Benning eventually needed corrective surgery because his bones began to heal improperly, like an outcome that is less than desired, does not, without more,

rise to the level of deliberate indifference. See Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986) ("[T]he principle . . . objective is not to impose . . . a model system of . . . care beyond average needs but to provide the minimum level of care required by the Constitution . . . . [T]he essential test is one of medical necessity and not one simply of desirability.") (internal quotations and citations omitted).  Thus, defendants' conduct as alleged in the complaint does not constitute deliberate indifference to Benning's medical condition where the extent of that condition was not known, even to Benning, until the x-rays on September 13.

### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Docket No. 17) be **GRANTED** and Benning's complaint be **DISMISSED** with prejudice as to all claims and both defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: July 21, 2009
       Albany, New York

_David R. Homer_
United States Magistrate Judge