UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENNETH BENNING,

                              **Plaintiff,**

                              v.                              9:08-CV-815
                                                                           (FJS/DRH)

**STEVE EHRITS, Corrections Officer; and**
**NURSE ANTHONY,**

                              **Defendants.**
_____

**APPEARANCES**                                             **OF COUNSEL**

**KENNETH BENNING**
**99-A-1618**
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                  **ADELE M. TAYLOR-SCOTT, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224-0341
Attorneys for Defendants

**SCULLIN, Senior Judge**

## ORDER

       Plaintiff alleges that Defendants violated his constitutional rights under the Eighth Amendment. *See* Dkt. No. 1. Defendants filed a motion to dismiss for failure to state a claim, *see* Dkt. No. 17, and Plaintiff filed papers in opposition to that motion, *see* Dkt. No. 18. In a Report-Recommendation and Order dated July 21, 2009, Magistrate Judge Homer recommended that the Court dismiss Plaintiff's complaint with prejudice. *See* Dkt. No. 20 at 7. Currently

before the Court are Plaintiff's objections to that recommendation.  *See* Dkt. No. 21.

Plaintiff's claims arise from a broken arm that he sustained while playing football during recreation time at Eastern Correctional Facility on September 6, 2007.  Plaintiff immediately reported the injury to Defendant Ehrits, a corrections officer, who instructed Plaintiff to evaluate his condition carefully before seeking emergency medical assistance.  Plaintiff, unaware that he had sustained a broken bone, decided to go through the normal sick call procedure.

Four days later, Plaintiff saw Defendant Anthony, a nurse, at sick call.  Defendant Anthony referred Plaintiff for x-rays of his arm.  Three days later, Plaintiff's arm was x-rayed and he was diagnosed with a broken arm.  Plaintiff then underwent corrective surgery which was not completely successful and, therefore, Plaintiff continues to experience pain and suffering and has limited use of his arm and hand.

As Magistrate Judge Homer noted, to state a claim under the Eighth Amendment for deliberate indifference to a serious medical need, a plaintiff must show that the condition about which he complains is sufficiently serious and that the prison official was deliberately indifferent to this serous medical need.  *See* Report-Recommendation and Order at 4 (citations omitted). Despite Defendants' assertion to the contrary, Magistrate Judge Homer found that "a broken arm is an 'undeniably serious' injury."  *See id.* (quotation and other citation omitted).

However, he concluded that, "even construing the facts in the light most favorable to [Plaintiff], nothing indicates that either defendant was deliberately indifferent to [Plaintiff's] medical needs."  *See id.* at 6.  With respect to Defendant Ehrits, Magistrate Judge Homer found that he left the decision to Plaintiff as to whether to seek emergency medical assistance and that he did not preclude Plaintiff from obtaining treatment.  *See id.*  Furthermore, Magistrate Judge

Homer found that there was "no indication that [Defendant] Ehrits delayed or intentionally interfered with [Plaintiff's] medical requests when they were made." *See id.*

With respect to Defendant Anthony, Magistrate Judge Homer found that, "[a]ccording to the complaint, [Defendant] Anthony did not learn of [Plaintiff's] injury until September 10, examined him at his request, and immediately order [sic] the z-rays [sic] that were performed three days later and led to the discovery of the broken arm." *See id.* (citing Compl. IV(H)). Magistrate Judge Homer concluded that "[t]he three-day delay for x-rays was not extraordinary and, at worst, constituted mere negligence . . . [which] is insufficient to support a claim for constitutional injuries." *See id.* (citation omitted).

In reviewing a magistrate judge's report-recommendation, the district court may decide to accept, reject or modify those recommendations. *See* 28 U.S.C. § 636(b)(1). The court conducts a *de novo* review of the portions of the magistrate judge's recommendations to which a party objects. *See Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). *De novo* review is not required, however, if a party fails to file specific objections. *See Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (noting that where "no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record"). Nor is a court required to conduct *de novo* review where the parties' objections to the magistrate judge's recommendation repeat the arguments that the parties made in the original pleadings. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006) (citations omitted). Finally, even if the parties file no objections, the court must ensure that the face of the record contains no clear error. *See Wilds*, 262 F. Supp. 2d at 169 (quotation omitted).

In his objections, Plaintiff merely states that he "would like to respectfully object . . . [and

that he would] like to continue with the appellate review . . . ." *See* Dkt. No. 21.  Therefore, the Court need only review Magistrate Judge Homer's Report-Recommendation and Order to ensure that there is no clear error.  Finding none, the Court hereby

**ORDERS** that Magistrate Judge Homer's July 21, 2009 Report-Recommendation and Order is **ADOPTED IN ITS ENTIRETY**; and the Court further

**ORDERS** that Defendants' motion to dismiss is **GRANTED** and Plaintiff's complaint is **DISMISSED WITH PREJUDICE** for the reasons that Magistrate Judge Homer stated in his Report-Recommendation and Order; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**


Dated: September 14, 2009
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge